# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00727

ANDREW ROGERS,

    Plaintiff,

v.

HONDA FINANCIAL SERVICES a/k/a
AMERICAN HONDA FINANCE
CORPORATION,

    Defendant.

## COMPLAINT

Plaintiff, ANDREW ROGERS ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., for his complaint against Defendant, HONDA FINANCIAL SERVICES a/k/a AMERICAN HONDA FINANCE CORPORATION ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this an action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the District of Colorado and a substantial part of the events giving rise to the claims took place in the District of Colorado.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the District of Colorado.

6. Defendant is a foreign company with its principal place of business located at 20800 Madrona Avenue, Torrance, California 90503 and Defendant's registered agent in Colorado is The Corporation Company located at 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was financing a vehicle through Defendant and incurred debt ("subject debt") as a result.

8. After incurring the subject debt, Plaintiff began having difficulty making payments to Defendant on time.

9. When Plaintiff would be late in making payment towards the subject debt, Defendant would place calls to his cellular phone ending in 6554.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 6554. Plaintiff has always been financially responsible for his cellular phone and its services.

11. In November 2017, Plaintiff answered a call from Defendant and spoke with an agent who was calling to collect the subject debt.

12. Frustrated by Defendant's constant collection calls to his cellular phone, Plaintiff demanded that Defendant cease placing calls to his cellular phone.

13. When the calls from Defendant connected during the calls in which Plaintiff spoke with a live agent, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system ATDS as defined by 47 U.S.C. §227(a)(1).

14. When Plaintiff answered the calls, he also experienced a noticeable pause, lasting approximately two to three seconds in length, before a live representative began to speak.

15. Despite Plaintiff's request that the calls cease, Defendant continued to call Plaintiff on his cellular phone.

16. Defendant placed no less than 35 calls to Plaintiff's cellular phone using an ATDS since November 2017 to the present day.

17. The frequency of Defendant's calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

18. Defendant's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unwanted telephone calls, emotional distress, increased usage of his cellular phone services and utility services (power), reduced battery life, diminished space for data storage on his cellular phone, distraction while Plaintiff was at work, and increased risk of personal injury resulting from the distraction caused by the harassing and excessive collection calls.

19. Plaintiff was forced to expend time and energy to retain counsel as a result of Defendant's conduct and has incurred attorney's fees.

## COUNT I – VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21. Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned unconsented-to calls, to Plaintiff's cellular telephone number ending in 6554 utilizing an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

23. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

24. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

25. Upon information and belief, based on the lack of prompt human response during the aforementioned call Plaintiff answered, Defendant employed a predictive dialer to place calls to Plaintiff's cellular telephone number ending in 6554.

26. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live representative once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. Defendant violated the TCPA by placing no less than 35 phone calls to Plaintiff's cellular telephone number ending in 6554 from November 2017 through the present, utilizing an ATDS without Plaintiff's consent.

28. As pled above, any previous consent was revoked by Plaintiff during one of the calls Defendant placed to Plaintiff's cellular phone. Therefore, Defendant did not have consent to place calls to Plaintiff's cellular telephone number ending in 6554.

29. As pled above, Fitch was severely harmed by Defendant's collection calls to his cellular telephone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular telephones.

31. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. At all times relevant, Defendant acted through its agents, employees, and/or representatives.

33. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive no less than $500.00 in statutory damages, for each and every violation.

34. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive no less than $1,500.00 in treble damages, for each and every violation.

WHEREFORE, Plaintiff ANDREW ROGERS requests the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b. Enjoin Defendant from placing any further calls to Plaintiff's cellular telephone in the future;

c. Award statutory damages of at least $500.00, and treble damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B)&(C), for each and every violation; and

d. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

March 28, 2018                                          Respectfully submitted,

/s/ Marwan R. Daher                                     /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                   Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                 *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                   2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                       Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109                      Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                                  osulaiman@sulaimanlaw.com